UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MAYA AUNTOINETTE BUTLER
and CHANEY S. LOCKRIDGE,

Plaintiffs,

v.                                            Case No. 22-cv-1477-pp

STATE OF WISCONSIN (fictitious entity),
MILWAUKEE COUNTY (fictitious entity),
GEORGE L. CHRISTENSON (private and professional capacity),
JOHN K. RILEY (private and professional capacity),
RONNIE L. BUTLER (private capacity)
and PHYLLIS L. STEVENSON-BUTLER (private capacity),

Defendants.

---

MAYA AUNTOINETTE BUTLER,

Plaintiff,

v.                                            Case No. 22-cv-1240-pp

CASE NO. 2022SC21077, JOHN BARRETT,
GEORGE L. CHRISTENSON, EARNELL R. LUCAS
and MARY E. TRIGGIANO,

Defendants.

---

CHANEY SINCLAIR LOCKRIDGE,

Plaintiff,

v.                                            Case No. 22-cv-1241-pp

CASE NO. 2022SC021077, MARY E. TRIGGIANO,
GEORGE L. CHRISTENSON, JOHN BARRETT
and EARNELL R. LUCAS,

Defendants.

---

1

MAYA AUNTOINETTE BUTLER,

        Plaintiff,

      v.                             Case No. 22-cv-1478-pp

STATE OF WISCONSIN (fictitious entity),
MILWAUKEE COUNTY (fictitious entity),
MARY E. TRIGGIANO (private and professional capacity),
JOHN BARRETT (private and professional capacity),
GEORGE L. CHRISTENSON (private and professional capacity),
EARNELL R. LUCAS (private and professional capacity),
R&P PROPERTY INVESTMENTS LLC (fictitious entity)
and RONNIE L. BUTLER (private capacity),

        Defendants.

MAYA AUTHOINETTE BUTLER,

        Plaintiff,

      v.                             Case No. 22-cv-1479-pp

STATE OF WISCONSIN (fictitious entity),
MILWAUKEE COUNTY (fictitious entity),
R&P PROPERTY INVESTMENTS LLC (fictitious entity),
GEORGE L. CHRISTENSON (private and professional capacity),
CHRISTOPHER BYRD (private capacity),
ROBERT DAWSON (private capacity)
and RONNIE L. BUTLER (private capacity),

        Defendants.

CHANEY S. LOCKRIDGE,

        Plaintiff,

      v.                             Case No. 22-cv-1480-pp

STATE OF WISCONSIN (fictitious entity),
MILWAUKEE COUNTY (fictitious entity),
R&P PROPERTY INVESTMENTS LLC (fictitious entity),
GEORGE L. CHRISTENSON (private and professional capacity),
RONNIE L. BUTLER (private capacity),
CHRISTOPHER BYRD (private capacity)
and ROBERT DAWSON (private capacity),

        Defendants.

CHANEY S. LOCKRIDGE,

        Plaintiff,

    v.                              Case No. 22-cv-1481-pp

STATE OF WISCONSIN (fictitious entity),
MILWAUKEE COUNTY (fictitious entity),
MARY E. TRIGGIANO (private and professional capacity),
JOHN BARRETT (private and professional capacity),
GEORGE L. CHRISTENSON (private and professional capacity),
EARNELL R. LUCAS (private and professional capacity),
R&P PROPERTY INVESTMENTS LLC (fictitious entity)
and RONNIE L. BUTLER (private capacity),

        Defendants.

---

CHANEY S. LOCKRIDGE,

        Plaintiff,

    v.                              Case No. 22-cv-1482-pp

STATE OF WISCONSIN (fictitious entity),
MILWAUKEE COUNTY (fictitious entity),
R&P PROPERTY INVESTMENTS LLC (fictitious entity),
GEORGE L. CHRISTENSON (private and professional capacity)
and RONNIE L. BUTLER (private capacity),

        Defendants.

---

MAYA AUNTOINETTE BUTLER,

        Plaintiff,

    v.                              Case No. 22-cv-1483-pp

STATE OF WISCONSIN (fictitious entity),
MILWAUKEE COUNTY (fictitious entity),
R&P PROPERTY INVESTMENTS LLC (fictitious entity),
GEORGE L. CHRISTENSON (private and professional capacity)
and RONNIE L. BUTLER (private capacity),

        Defendants.

---

**CASE MANAGEMENT ORDER DISMISSING WITHOUT PREJUDICE
CASE NOS. 22-CV-1240, 22-CV-1241, 22-CV-1478, 22-CV-1479,
22-CV-1480, 22-CV-1481, 22-CV-1482 AND 22-CV-1483; SCREENING
COMPLAINT IN CASE NO. 22-CV-1477 (DKT. NO. 1); DISMISSING
COMPLAINT FOR FAILURE TO STATE FACTS SUPPORTING JURISDICTION
AND FAILURE TO STATE A CLAIM; DENYING WITHOUT PREJUDICE
PLAINTIFFS' MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING
FILING FEES (DKT. NOS. 2, 3) AND REQUIRING PLAINTIFFS TO FILE
AMENDED COMPLAINT IF THEY WANT TO PROCEED WITH
CASE NO. 22-CV-1477**

On October 20, 2022, Maya Auntoinette Butler filed a complaint against the former and current clerks of the Milwaukee County Circuit Court, the Milwaukee County Sheriff and the Chief Judge of the Milwaukee County Circuit Court, based on the "sham legal process" in her small claims eviction case, Milwaukee County Court Case No. 2022SC021077. Case No. 22-cv-1240 (E.D. Wis.) ("Butler"). The same day, Chaney Sinclair Lockridge, who resides at the same address as Butler (4051 N. 39th Street), filed an almost identical complaint against the same four defendants. Case No. 22-cv-1241 (E.D. Wis.) ("Lockridge"). At the top of the first page of Butler's complaint, she identified the court in which she was filing the suit as "In the Butler court At The Federal Court of Claims." Case No. 22-cv-1240 at Dkt. No. 1, p. 1. At the top of the first page of Lockridge's complaint, he identified the court in which he was filing suit as "In the Lockridge court At The Federal Court of Claims." Case No. 22-cv-1241 at Dkt. No. 1, page 1. While both plaintiffs listed the United States as an additional plaintiff, the United States has not appeared and none of the claims in either case involve the United States. It appears that the plaintiffs—

4

who are representing themselves—may be trying to represent the United States.

In both cases, the plaintiffs filed motions seeking leave to proceed without prepaying the filing fee. Case No. 22-cv-1240 at Dkt. No. 2; Case No. 22-cv-1241 at Dkt. No. 2. Before the court had an opportunity to rule on those motions, the plaintiffs filed seven more complaints or petitions for injunctions. Case Nos. 22-cv-1477, 22-cv-1478, 22-cv-1479, 22-cv-1480, 22-cv-1481, 22-cv-1482, 22-cv-1483. All the cases involve ongoing efforts to evict the plaintiffs. All the cases appear to have been drafted in collaboration—they identify the same defendants, incorporate the same theories and seek the same relief. From what the court can discern, the plaintiffs filed the most recent seven cases to apprise the court of ongoing events (including the dismissal of a second eviction case for improper service and the commencement of a third). The last two federal cases complaints filed are labeled "verified petition for temporary injunction," and seek to enjoin various defendants from "invading the Plaintiff's right to privacy, pursuit of happiness indefinitely." Case No. 22-cv-1483, Dkt. No. 1 at ¶¶32–34; Case No. 22-cv-1482, Dkt. No. 1 at ¶32.

Ordinarily, the court first would begin by ruling on the pending motions for leave to proceed without prepaying the filing fee filed in each of the nine cases. The plaintiffs' failure to comply with the Federal Rules of Civil Procedure and the Civil Local Rules of the Eastern District of Wisconsin, however, and their decision to file nine separate cases in a short period of time—all regarding the same underlying events—drain the court's resources. To get this litigation

5

on the right track, the court will discuss its concerns regarding the nine complaints, dismiss without prejudice eight of the duplicative cases and screen the first case that the plaintiffs filed jointly, Case No. 22-cv-1477. The dismissals will not put the plaintiffs at risk of their claims being time-barred, because the events in the state court are recent and ongoing. The plaintiffs will need to amend their complaint to include all their claims about the underlying eviction proceedings in a single pleading. If the court determines after reviewing that single pleading that the plaintiffs have claims that should have been filed separately, the court will give the plaintiffs an opportunity to file additional cases as necessary. The dismissals do not affect the plaintiffs' ability to bring their claims—the court is directing only that they proceed in a single case instead of nine separate cases.

## I.    Case Management

The plaintiffs have not complied with this court's local rules. Civil Local Rule 3 requires a person filing a complaint to list on the Civil Cover Sheet all related actions that are pending in the Eastern District, and to file a Notice of Related Actions and serve a copy of that Notice with the complaint. Civil L.R. 3 (E.D. Wis.) (available at https://www.wied.uscourts.gov/local-rules-and-guidance-0). The Notice of Related Actions must include a brief statement that explains how the cases in question are related (whether they arise from substantially the same transaction or events or involve substantially the same parties or property). Civil L.R. 3(b)(2). Not one of the nine cases complies with this requirement. On each of the nine Civil Cover Sheets, section VIII, "Related

6

Case(s) If Any" is blank. There is no Notice of Related Action filed in any of the nine cases.

Nor does the filing of nine separate complaints relating to the same issue comply with the federal rules. Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20 allows more than one person to be joined as a plaintiff in the same case if each plaintiff "(A) . . . assert[s] any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

The pending cases can be grouped into two categories: the two cases filed on October 20, 2022, which appear to challenge the initial eviction proceeding, and the seven cases filed on December 8, 2022, which include allegations related to ongoing attempts to evict the plaintiffs. Comparing the complaints, one sees that the plaintiffs copied large portions of each other's complaints and that each of the nine cases is based on the same underlying events. As the court explains below, it appears that the plaintiffs could have jointly filed one, single case against all of the defendants.

A.   Pleadings Filed on October 20, 2022

When the plaintiffs separately filed their initial complaints on October 20, 2022, they each indicated in Section V of the Civil Cover Sheet—the case origin section—that they were removing a case from state court. Case No. 22-cv-1240, Dkt. No. 1-1; Case No. 22-cv-1241, Dkt. No. 1-1. Butler's complaint

indicated in Section II—the jurisdiction section—that the basis of the court's jurisdiction was "U.S. Government Plaintiff." Case No. 22-cv-1240, Dkt. No. 1-1. In her complaint, however, she asserted that the court has jurisdiction because the claim is "more than $20/Federal question/Diversity of Citizenship." Case No. 22-cv-1240, Dkt. No. 1 at ¶49. Lockridge, too, indicated in Section II of the Civil Cover Sheet that the basis for the court's jurisdiction was "U.S. Government Plaintiff." Case No. 22-cv-1241, Dkt. No. 1 at 10. His complaint, however, says only that the court has jurisdiction because "it is more than $20/Federal question." Case No. 22-cv-1241 at Dkt. No. 1 at ¶44. As discussed above, neither plaintiff notified the court that the other had filed the same case.

In these first two complaints, the plaintiffs sue "Case No. 2022SC021077," John Barrett and George L. Christenson (the former and current Milwaukee County clerks of court), Earnell R. Lucas (the former Milwaukee County Sheriff) and Mary E. Triggiano (the Chief Judge of the Milwaukee County Circuit Court). Case No. 22-cv-1240, Dkt. No. 1; Case No. 12-cv-1241, Dkt. No. 1. They style their complaints as a "claim for restitution" and accuse the defendants of trespass by "Administering Property without right resulting in the removal of $1,500.00 of building materials and tools/invasion of privacy." Case No. 22-cv-1240 and Case No. 22-cv-1241, both at Dkt. No. 1 at ¶3.[1] Both plaintiffs allege that the trespass began on August 17, 2022 and

---

[1] Because each plaintiff copies the other's pleading, the court cites to both cases but the paragraph number is the same in both pleadings unless otherwise noted.

8

continues to the present. Id. at ¶5. Both include a separate section labeled "Order" purporting to award "compensatory damages in the amount of $25,000,000 for the trespass" and "ejectment of all items referencing anything that could help create the presumption that any public agent can have access to my private property." Id. at ¶¶9, 10.

Both plaintiffs include the same sections titled "Facts of the case" and "General Factual Allegations," and each makes the same allegations beginning with the receipt of a notice and "Dispossessory Affidavit" stuck to their door by Sheriff Earnell Lucas's office. Id. at ¶¶16–17. Both plaintiffs assert that the "instrument" was deficient and that the same four defendants should have known of the deficiency. Id. at ¶¶19, 22. Both plaintiffs refer to the defendants' actions as unconstitutional but neither identifies what actions the defendants took beyond the allegation that Sheriff Lucas initiated forcible entry proceedings on August 23, 2022 without a warrant. Case No. 22-cv-1240, Dkt. No. 1 at ¶38; Case No. 22-cv-1241, Dkt. No. 1 at ¶¶29, 30. Both plaintiffs allege that the defendants' actions are not within their job descriptions, are an unconstitutional exercise of Congress' power under the Commerce Clause and violate the legislative intent of the Fair Debt Collections Practices Act. Id. Butler adds that the defendants initiated a sham legal process. Case No 22-cv-1240, Dkt. No. 1 at ¶37.

In addition to $25,000,000 in damages for harm, anxiety and heart palpitations, the plaintiffs each allege that they incurred "several thousand dollars and thousands of hours and much financial stress for seeking counsel

9

and various lawful defenses to their continuous harassment." Case No. 22-cv-1240, Dkt. No. 1 at ¶51; Case No. 22-cv-1241, Dkt. No. 1 at ¶46. They ask for a permanent injunction ordering the defendants "not to deposit unauthorized materials onto claimants land or the public record without her express consent or other valid authorization." Case No. 22-cv-1240, Dkt. No. 1 at ¶52; Case No. 22-cv-1241, Dkt. No. 1 at ¶47.

B.    Complaints and Petitions Filed on December 8, 2022

A month and a half after filing the above-described "claims for restitution," Butler and Lockridge jointly filed a new complaint seeking $3,500,000 for "trespass by way of deprivation of rights under color of law, invasion of privacy, intentional infliction of emotional distress, unlawful taking, conspiracy" against the State of Wisconsin, Milwaukee County, George Christenson, John K. Riley, Ronnie L. Butler and Phyllis L. Stevenson-Butler. Case No. 22-cv-1477, Dkt. No. 1 at 1. The same day, they separately filed four more complaints—Case Nos. 22-cv-1478, 22-cv-1479, 22-cv-1480 and 22-cv-1481—and two petitions for injunction—Case Nos. 22-cv-1482 and 22-cv-1483.

In their first complaint filed on December 8, 2022, the plaintiffs notified the court that two of the underlying eviction cases had been dismissed (Case Nos. 2022SC021077 and 2022SC024935) and argued that any further actions would constitute harassment under 18 U.S.C. §1514 and Wis. Stat. §947.013(1m)(b). Case No. 22-cv-1477, Dkt. No. 1 at ¶¶30, 31. In addition to alleging that the defendants do not have a proper delegation of authority from the lieutenant governor to administer the Housing Act, Case No. 22-cv-1477,

Dkt. No. 1 at ¶24, the plaintiffs allege trespass, invasion of privacy under the Fourth Amendment, intentional infliction of emotional distress, unlawful taking under the Fifth Amendment and conspiracy. The complaint filed in Case No. 22-cv-1477 contains no allegations about what any one defendant did (or didn't do) beyond a general allegation that they acted in concert. Id. at ¶63.

Butler filed two of the next four cases (Case Nos. 22-cv-1478 and 22-cv-1479) and Lockridge filed the other two (Case Nos. 22-cv-1480 and 22-cv-1481). Case Nos. 22-cv-1479 (Butler) and 22-cv-1480 (Lockridge) sue the same defendants but in different order. Each plaintiff alleges that the underlying eviction case, Milwaukee Circuit Court Case No. 2022SC020177, has been dismissed. Case Nos. 22-cv-1479, 22-cv-1480, Dkt. No. 1 at ¶28. Each plaintiff alleges that defendants "Ronnie, Christopher, Robert agreed in some manner with Defendant George to do an act that deprived Plaintiff of right to privacy, right to be let alone, pursuit of happiness." Id. at ¶34. Allegedly, "Ronnie" served another notice on November 3, 2022, terminating tenancy. Id. at ¶8. There are no specific allegations about any of the other defendants. Each of the plaintiffs alleges trespass, invasion of privacy (Fourth Amendment), abuse of process and conspiracy. Case No. 22-cv-1479, Dkt. 1 at ¶¶37-63; Case No. 22-cv-1480, Dkt. No. 1 at ¶¶37-64.

The complaints filed in 22-cv-1478 (Butler) and 22-cv-1481 (Lockridge) appear to be identical in their factual allegations but diverge on one of the legal theories. Both plaintiffs allege that Mary (Triggiano) "is a woman who sometimes acts as Chief Judge," George (Christenson) is a "man who

11

sometimes acts as Clerk of the circuit court," John (Barrett) is a "man who sometimes acts as Director of Court Services," Earnell (Lucas) is a "man who sometimes acts as Head Sheriff" and Ronnie (Butler) is a "man who sometimes acts as Administrative Agent for Milwaukee County," and they claim that the plaintiffs "have no minimum contacts with STATE OF WISCONSIN." Case Nos. 22-cv-1478, 22-cv-1481, Dkt. No. 1 at ¶¶1–6. The allegations in these complaints parallel those in the two cases filed on October 20, 2022, and both assert that the harm began on August 17, 2022, when "Mary, John, George breached their duty initiating sham legal process Small Claims Eviction case No. 2022SC021077." Id. at ¶19. These complaints continue to assert a broad conspiracy, this time asserting that Ronnie (Butler) conspired with Earnell (Lucas). Id. at ¶48. While Butler believes the allegations give rise to trespass, intentional infliction of emotional distress, invasion of privacy, abuse of process, unlawful taking and conspiracy, Case No. 22-cv-1478, Dkt. No. 1 at ¶¶51–90, Lockridge agrees with her assessment but replaces the unlawful taking claim with forgery, Case No. 22-cv-1481, Dkt. No. 1 at ¶¶81–90.

Finally, the clerk's office docketed two verified petitions for injunctions—one filed by Butler and the other by Lockridge—as new cases. Case Nos. 22-cv-1482 and 22-cv-1483.[2] The verified petitions are identical; they reference the two small claims eviction actions referenced in the earlier cases (Case Nos.

---

[2] The plaintiffs did not put a case number on either petition. Because the plaintiffs already had seven cases open, the clerk's office had no way of knowing whether the plaintiff wanted the petitions to be filed a pending case and, if so, in which pending case.

12

2022SC21077 and 2022SC024935). The plaintiffs seek a permanent injunction directing the defendants "not to trespass onto Plaintiffs private property or the public record without Plaintiff's express consent or other valid authorization," and requesting "ejectment of all documents referencing Defendants lien or title to Subject property from the county deed recorder's office" and additional "lawful and equitable relief." Id., Dkt. No. 1 at ¶¶32–34.

      C.    Events Giving Rise to the Complaints

The combined allegations from all nine complaints indicate that the events that gave rise to all the plaintiffs' claims began in August of 2022 with eviction proceedings in Milwaukee County Circuit Court. R&P Property Investments LLC (named as a defendant in Case Nos. 22-cv-1478, 22-cv-1479, 22-cv-1480, 22-cv-1481, 22-cv-1482 and 22-cv-1483) filed a small claims complaint for eviction in Milwaukee County Circuit Court. R&P Property Investments LLC v. Lockridge et al., Case No. 2022SC021077 (available at https://wcca.wicourts.gov/). Butler and Lockridge were the named defendants. The publicly available docket indicates that on August 28, 2022, someone filed a notice of removal to the United States District Court. The docket indicates, however, that on September 8, 2022, the small claims court held a hearing; Lockridge did not appear and the case was dismissed. Id.

R&P Property Investments filed a second eviction case on September 27, 2022; on October 26, 2022 the court dismissed that case after an evidentiary hearing, finding that service was not proper. R&P Property Investments LLC v.

Lockridge, *et al.*, Case No. 2022SC024935 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov/).

On December 2, 2022, Ronnie Butler and Phyllis Stevenson-Butler (presumably the principals running R&P Property Investments) filed a third eviction proceeding against Butler and Lockridge. Ronnie Butler, *et al.* v. Chaney Lockridge, *et al.*, Case No. 2022SC030086 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov/). On December 12, 2022, someone filed a notice of removal to the United States District Court, but the case remains pending, with an eviction hearing scheduled for January 17, 2023 at 2:00 p.m. Id.

D. Procedural Issues

It has taken the court significant time to compare the nine complaints, review the state court dockets and discern the factual bases for the complaints. That exercise has revealed several procedural issues.

In the two lawsuits filed in October, the plaintiffs indicated on the Civil Cover Sheets that the court had jurisdiction because the United States was a plaintiff. But the plaintiffs cannot sue on behalf of the United States. The United States is not a real party in interest, because none of the complaints indicate that the United States has suffered any harm or injury. See Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.") Even if the United States had suffered some injury or harm from the eviction proceedings, it would be the United States—not the plaintiffs—that would have the right to bring claims based on that injury or harm. The

14

plaintiffs cannot list the United States as a plaintiff, and because the United States is not a plaintiff, that is not a basis for this court to exercise jurisdiction.

The plaintiffs also asserted in the complaints filed in October that this court had jurisdiction either because the cases involved more than $20 or because there was a federal question or because there was diversity jurisdiction. There is no statute or constitutional provision that gives a federal court jurisdiction over cases that involve more than $20. As the court explains below when screening Case No. 22-cv-1477, federal courts have only limited jurisdiction, and the terms "federal question" and "diversity jurisdiction" have very specific, limited meaning. If there is no federal question, or the case does not meet the requirements of the diversity statute, this federal court has no authority to hear and decide a case.

Although in the first and third small claims cases, someone filed a notice of removal with the *state* court, none of the seven cases filed on December 8, 2022 in federal court were removed from Milwaukee County Circuit Court; each was filed as an "original proceeding." Section 1446(a) of Title 28 allows a state-court defendant to remove a case to federal court by filing in the *federal* court a notice of removal along with a copy of the state-court pleadings. That did not happen in any of the nine cases filed in federal court. Assuming that the federal plaintiffs Butler and Lockridge (who were/are the defendants in the small claims cases) were the ones who filed notices of removal in two of the small claims cases, they did not comply with 28 U.S.C. §1446 and thus did not

15

properly remove the small claims cases from Milwaukee County Circuit Court to this court.

The plaintiffs also have named defendants who are not subject to suit, or who are immune from suit. The plaintiffs cannot sue a small claims eviction case filed in the state court. A lawsuit is not an entity with the legal capacity to be sued. Nor can the plaintiffs sue the State of Wisconsin; "[g]enerally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." Whole Women's Health v. Jackson , ___ U.S. ___, 142 S. Ct. 522, 532 (2021).

The plaintiffs have sued the chief judge of the Milwaukee County Circuit Court, who is not a small claims commissioner and did not preside over any of the three small claims cases. Even if the chief judge had presided over one or more of the small claims cases, judges are immune from suit unless they are sued for actions not taken in their official judicial capacities or for actions taken in the complete absence of all jurisdiction. Mireles v. Waco, 402 U.S. 9, 11 (1991) (citations omitted). The same is true for clerks of court. See Whole Women's Health, 142 S. Ct. at 534 (finding that no law suggests allowing injunctive relief against state-court clerks while holding the judges they serve immune from suit).

The plaintiffs have asked the court to enjoin ongoing proceedings in the state small claims court. There is a "longstanding public policy against federal court interference with state court proceedings," based in part on the fact that the party seeking the injunction has an adequate remedy at law: defending her-

or himself in the state court proceeding. <u>Younger v. Harris</u>, 401 U.S. 37, 43 (1971). This court will not violate that longstanding policy.

The plaintiffs have asked the court to order Ronnie Butler to cease invading the plaintiffs' "pursuit of happiness indefinitely." <u>See</u>, *e.g.*, Case No. 22-cv-1482, Dkt. No. 1 at 8. There is no legal basis for a federal court to grant such relief—not under the Constitution or under federal or state law.

To allow the plaintiffs to continue with nine separate, procedurally flawed cases based on the same ongoing efforts to evict them from their property already has been, and would continue to be, a waste of judicial resources. The plaintiffs have filed almost identical pleadings multiple times, using the same words, alleging the same facts and asserting the same legal theories. The differences are few—the only real differences relate to the progress of the eviction cases at the time the different complaints were filed. To the extent that the plaintiffs believed they needed to file new cases to alert the court to changing events in state court, they were mistaken. Fed. R. Civ. P. 15(d) would have allowed them to file a motion asking for leave to supplement a single, original complaint with events that happened after they filed that complaint. *No* rule allows them to file a new complaint every time a new event occurs.

The court will exercise its inherent authority to manage its docket and dismiss duplicative litigation. <u>See</u> <u>McReynolds v. Merrill Lynch & Co., Inc.</u>, 694 F.3d 873, 888–89 (7th Cir. 2012) (finding the district court has significant latitude when dismissing duplicative cases for "reasons of wise judicial administration"). The court will allow the parties to proceed in the first case

17

that they filed jointly: Case No. 22-cv-1477. The court will dismiss the remaining eight cases without prejudice. This does not mean that the plaintiffs cannot bring all the claims they asserted in the other eight cases. It means only that when they file their amended complaint in Case No. 22-cv-1477 (as the court is requiring them to do, for the reasons explained below), they assert all those claims in the amended complaint, on the form that the court will provide.

## II. Screening

As to Case No. 22-cv-1477—the single case that the court is allowing to proceed—a court screens a complaint whenever a plaintiff asks to proceed without prepaying the filing fee. Screening requires the court to determine whether plaintiff's claims are "frivolous or malicious," fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

If the plaintiffs had consulted the form and guide available on the court's web site for people who are filing complaints without a lawyer, they would have discovered that they must focus on the who-what-when-where-why of their claims. See Complaint For Non-Prisoner Filing Without a Lawyer (with Guide) (available at https://www.wied.uscourts.gov, under Forms, Pro Se). The

18

complaint in Case No. 22-cv-1477 asserts theories but does not include factual allegations—who, specifically, harmed the plaintiffs? What specific actions did each defendant take to harm the plaintiffs? When did each defendant take the actions that harmed the plaintiffs? Where did each defendant take these actions? If the plaintiffs know, why did each defendant take the actions that harmed the plaintiffs? The amended complaint must provide these facts.

A federal court has authority to hear and decide a case only if it has subject-matter jurisdiction. There are two types of subject-matter jurisdiction: diversity jurisdiction and federal question jurisdiction. For this court to exercise diversity jurisdiction over any claims that are based on *state* law (such as trespass, nuisance, negligence and other tort claims), every defendant named in the complaint must be a citizen of a state other than the state in which the plaintiffs are citizens, and the amount in controversy must exceed $75,000. 28 U.S.C. §1332. The plaintiffs allege that they "have no minimum contacts with Wisconsin." Case No. 22-cv-1477, Dkt. No. 1 at ¶3. But the plaintiffs have not indicated the state in which they reside. They allege that the defendants are residents of Wisconsin. Dkt. No. 1 at ¶4. If the plaintiffs are citizens of the state of Wisconsin, this court does not have diversity jurisdiction. In the amended complaint, the plaintiffs must include the name of the state where they are citizens; by signing the amended complaint, they are certifying to the court that all the facts in the complaint are supported by evidence. Fed. R. Civ. P. 11(b)(3).

Even if the court does not have diversity jurisdiction, it could have federal question jurisdiction over some of the plaintiffs' claims. 28 U.S.C. §1331. The plaintiffs have not alleged a violation of one of the most common federal statutes: 42 U.S.C. §1983, which allows a plaintiff to sue a person who deprived the plaintiff of his or her constitutional rights while acting under color of state law. But the court has explained that the State of Wisconsin is immune from suit, and it is not a "person" subject to suit under §1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). While a county, such as Milwaukee County, may be sued for money damages under §1983, a plaintiff must prove allege a deprivation of a constitutional right caused by "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." Thomas v. Cook Cty. Sheriff's Dept., 604 F.3d 293, 303 (7th Cir. 2010) (citing Monell v. Dep't of Soc. Serv's of New York, 436 U.S. 658, 690 (1978)). The complaint does not come close to asserting a Monell claim against Milwaukee County.

The only possible defendant who could be characterized as a "state actor" is George Christenson, the interim Clerk of Court. But §1983 "creates a cause of action based on personal liability and predicated upon fault." Hildebrant v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)). "Liability does not attach unless the individual defendant caused or participated in a constitutional violation." Id. The only allegation in the complaint that specifically names Christenson

20

appears in ¶36, where the plaintiffs allege that "Ronnie, Phyllis, John, George agreed in some manner to do an act that deprived Plaintiffs of their Fourth amendment rights." Dkt. No. 22-cv-1477, Dkt. No. 1 at ¶36. If the "act" that Christenson allegedly "did" was nothing more than docketing a case that someone else filed, or performing administrative tasks in connection with that case, those would be nothing more than his official duties in support of the court. And ask the court has explained, clerks of court are immune from suit when "performing functions intimately entwined with the judicial process." Miller v. Asbach, No. 05C0828, 2006 WL 2527630, at *2 (E.D. Wis. Aug. 30, 2006) (citing Maus v. U.S. Bankr. Court for Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987)) (court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process). It appears that there is no basis for the plaintiffs to assert a §1983 claim.

Under a section of the complaint titled "jurisdiction," the plaintiffs assert that the defendants committed "wrongful act and omissions administering a Federal Act using federal funding for public housing." Case No. 22-cv-1477, Dkt. No. 1 at ¶5. But the plaintiffs do not describe this "Federal Act" or reference a statute or constitutional provision.

The plaintiffs *have* raised three claims which sound like federal claims: invasion of privacy under the Fourth Amendment, unlawful taking under the

Fifth Amendment and conspiracy under 18 U.S.C. §371.[3] The conspiracy statute, 18 U.S.C. §371, *is* a federal statute, but it is a criminal statute that prohibits two or more persons from conspiring to commit an offense against the United States or to defraud the United States. The statute does not convey a private right of action. Prock v. Christian, No. 115CV00787SEBDKL, 2016 WL 1627749, at *3 (S.D. Ind. Apr. 22, 2016) (quoting Israel Aircraft Indus. Ltd. v. Sanwa Bus. Credit Corp., 16 F.3d 198, 200 (7th Cir. 1994)) ("Express provisions for criminal prosecution and administrative enforcement . . . without a corresponding provision for private enforcement, generally establish that private enforcement is inappropriate."). Only the government—the United States Attorney—may prosecute violations of 18 U.S.C. §371. The plaintiffs cannot sue under this statute.

The Fourth and Fifth Amendment claims reference federal law, and if the plaintiffs could allege facts to support their claims of these violations, the court might have federal question jurisdiction over those claims. But the plaintiffs never explain who did what to them, or when, where or why. In their Fourth Amendment invasion of privacy claim, the plaintiffs assert that

> Defendants conversion of Plaintiffs property based on the presumption that it was within the public jurisdiction to do so, failed to establish that the plaintiffs were "in fact" "subject" to said jurisdictions by property "Certification" and "Consent" to "sue and be sued" in the Article 1 Administrative Courts.

---

[3] The two remaining claims—intentional infliction of emotional distress and trespass—are state-law claims; the court would have jurisdiction over those claims only if it had federal question jurisdiction as to other claims, or diversity jurisdiction.

22

Id. at ¶45. They also allege that "Defendants without a valid entry into the record have no rights to enter; mis-descriptions and defamation; of another into public records." Id. at ¶50. There are no facts to support any of these assertions—the plaintiffs do not explain what "public record" they are referring to, or how and when they asked anyone to remove their property from the public record, or who refused to do so, or what the "false record" was.

The Fifth Amendment takings claim asserts that the defendants "purport to take action on the subject property in the interest of a public agency," then claim that "[a]dministering private for public purposes without just compensation" violates the Takings Clause of the Fifth Amendment.[4] Id. at ¶¶59-60. Again, they do not explain what "action" was purported to be taken, by which defendants, or when, or how. The court has no way to determine whether there are facts that would support a Fourth Amendment claim of invasion of privacy or a Fifth Amendment takings claim.

The entire complaint—the part that purports to make "general allegations" as well as the sections describing the purported federal and state claims—suffers from a lack of specific facts. In the "general allegations," the plaintiffs allege only that defendant "Ronnie" initiated a small claims eviction on November 3, 2022, in Case No. 2022SC30086. Dkt. No. 1 at ¶8. They allege that the defendants' communication was made based on the "UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT (URLTA) drafted by the NATIONAL CONFERENCE OF COMMISSIONS ON UNIFORM STATE LAWS

---

[4] The plaintiffs refer to it as the "Fifth Article of the Bill of Rights."

RECOMMENDED FOR ENACTMENT IN ALL THE STATES at its ANNUAL CONFERENCE MEETING IN ITS EIGHTY-FIRST YEAR AT SAN FRANCISCO, CALIFORNIA AUGUST 4-11, 1972." Id. at ¶9. The plaintiffs assert that URLTA was intended to apply to government or public agencies acting as landlords, but that "[t]here is no record with any Federal or State or subdivision thereof that Subject Property is 'in or within the state' of Wisconsin according to statutory definition of the term is defined at Wis. Stat. §137.11(14)(14)." Id. at ¶¶11, 13. The next ten paragraphs discuss URLTA. Id. at ¶¶14–23. The plaintiffs allege that Mandela Barnes (Wisconsin's former lieutenant governor) has not delegated authority to the defendants to administer the Housing Act, id. at ¶24, that the record does not reflect that defendants are a government or agency, id. at ¶25, that the property is not public housing, id. at ¶26, and that the record does not reflect that the property or the plaintiffs are subject to URTLA, id. at ¶27.

The plaintiffs reference two of the cases filed in Milwaukee County as small claims evictions (Case Nos. 2022SC021077 and 2022SC024935) and acknowledge that both had been dismissed by the time they filed their complaint in federal court. Id. at ¶¶28, 29. The plaintiffs assert that further proceedings would constitute harassment under Wis. Stat. §947.013(1m)(b). Id. at ¶31. The plaintiffs admit that Ronnie and Phyllis are not state officials but allege that they conspired with "one or more" unnamed state officials to deprive the plaintiffs of a federal right. Id. at ¶32. According to the plaintiffs, the "defendants engaged in at least one act in furtherance of the conspiracy" and

24

Ronnie, Phyllis, John and George deprived them of their Fourth Amendment rights, but do not explain how. Id. at ¶36.

The remainder of the complaint pleads legal theories but provides little insight into why the plaintiffs are asserting their claims. For example, under the trespass claim, the plaintiffs say, "Defendants interfere with my possessory rights by refusing to remove Plaintiffs private property from the public record," and say that "public agents use the false record to administer Plaintiffs private property for public use without just compensation." Id. at ¶¶39, 41. They cite 19 U.S.C. §81o, a statute that describes who may live in foreign trade zones, id. at ¶40, but Wisconsin is not a foreign trade zone. As for the intentional infliction of emotional distress claim, the plaintiffs allege that the defendants' actions were "objectively extreme and outrageous" but they never explain what the extreme and outrageous actions were, or who committed them. Id. at ¶54.

The court has explained why the state of Wisconsin, Judge Triggiano and George Christiansen are not appropriate defendants, but the allegations the court has described do not specify what the remaining three defendants—all private actors—personally did to harm the plaintiffs, beyond stating that Ronnie and Phyllis commenced the most recent eviction proceeding. It is not illegal under federal or state law to file an eviction action, unless the person who filed the action was doing so for the purpose of committing some sort of tort—fraud, harassment, etc. Perhaps the plaintiffs believe that Ronnie and Phyllis have no legal reason to evict them and filed the eviction only to harass them, or to try to illegally obtain the property. But if that is what the plaintiffs

25

believe, they will have a chance to try to prove it at the eviction hearing on January 17 in small claims court before Commissioner Davis.

In sum—the complaint fails to state facts that demonstrate that this federal court has either diversity or federal question jurisdiction. It names as defendants an entity that cannot be sued (the state of Wisconsin) and people who are immune from suit (the chief judge and the clerk of court). It asserts many different theories but provides no specific facts about what any of the other defendants did. It asks the court to enjoin an on-going state court proceeding (which is against longstanding public policy), even though the plaintiffs will have the opportunity at that proceeding to defend against the eviction.

The court will dismiss the complaint for failure to assert sufficient facts to support federal jurisdiction and for failure to state a claim for which a federal court may grant relief. The court will not, however, dismiss the case. The court will give the plaintiffs an opportunity to file an amended complaint on the court's standard form that requires the plaintiffs to identify the who, what, where, when and how of their claims. The court will include a blank amended complaint form and instructions with this order. When filling out the form, the plaintiff's must include sufficient factual allegations to raise a right to relief beyond the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### III. Motions to Proceed Without Prepaying the Filing Fee

To decide whether to allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee. 28 U.S.C. §1915(a). The civil case filing fee is $402 (including a $52 administrative fee that a plaintiff is not required to pay if the court grants leave to proceed without prepaying the fee).

Both plaintiffs say that they are not employed, are not married and have no dependents, no income, no expenses and no property. Case No. 22-cv-1477, Dkt. Nos. 2, 3. The plaintiffs say they are paying no rent or mortgage, and the complaint alleges that they are subject to an eviction proceeding. They claim they have no expenses—not even food, clothing or medical expenses. Id. The court can't figure out how the plaintiffs are living. How do they eat? How do they address basic living requirements? Perhaps the plaintiffs have family or friends who provide for them and supply basic necessities, but there is nothing in the motions telling the court whether that is the case or who supports the plaintiffs.

The court will order the plaintiffs to either pay their respective filing fees or file an amended motion to proceed without prepaying the filing fee. The plaintiffs should be aware that, even if they file amended motions to proceed without prepaying the filing fee and the court grants those motions, they still are responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court

may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

## IV. Conclusion

The court **ORDERS** that Case Nos. 22-cv-1240, 22-cv-1241, 22-cv-1478, 22-cv-1479, 22-cv-1480, 22-cv-1481, 22-cv-1482, 22-cv-1483 are **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that the complaint filed in Case No. 22-cv-1477 is **DISMISSED**.

If the plaintiffs wish to proceed with Case No. 22-cv-1477, the court **ORDERS** that by the end of the day on **January 27, 2023**, the plaintiffs must file an amended complaint. The plaintiffs must use the enclosed form to prepare their amended complaint. They must put the case number for this case—22-cv-1477—in the field next to "Case Number" on the first page, name all the defendants whom they wish to sue and include all allegations relating to the underlying eviction proceedings. They must identify their state or states of citizenship. They must allege the who, what, where, when and how so that each defendant knows what the plaintiffs believe that he or she did to harm or injure the plaintiffs. The plaintiffs must file the amended complaint in time for the court to *receive* it by the end of the day on January 27, 2023. If the court

28

does not receive an amended complaint by the end of the day on January 27, 2023, the court may dismiss this case without further notice or hearing.

The court **DENIES WITHOUT PREJUDICE** the plaintiffs' motions for leave to proceed without prepaying the filing fees in Case No. 22-cv-1477. Dkt. Nos. 2, 3.

The court **ORDERS** that by the end of the day on **January 27, 2023**, each plaintiff must either pay the filing fee in full for the cases they filed OR file an amended motion for leave to proceed without prepaying the filing fee. This means that the court must *receive* the filing fee or the amended motion by the end of the day on January 27, 2023. The court will provide a blank form for each plaintiff, in case they decide to file amended motions. An amended motion must list the case number for this case—22-cv-1477—and must identify *any* source of income or support (including from family, friends or social services) and all expenses.

If the plaintiffs do not comply with all the instructions in this order, the court may dismiss the case.

Dated in Milwaukee, Wisconsin this 30th day of December, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

29